

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# Pub Ser Elec & Gas v. Intl Brhd Elec Work

Precedential or Non-Precedential:

Docket 1-2147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Pub Ser Elec & Gas v. Intl Brhd Elec Work" (2002). *2002 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2147


PUBLIC SERVICE ELECTRIC & GAS COMPANY

v.

LOCAL 94 INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(District Court No. 99-CV-3634)
Magistrate Judge: John J. Hughes


Submitted Under Third Circuit LAR 34.1(a)
January 14, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District
Judge.

(Opinion Filed: January 31, 2002)


MEMORANDUM OPINION OF THE COURT


PER CURIAM:
     The facts and procedural background of this case are familiar to the
parties.
Pursuant to its statutory authority under 42 U.S.C.  2201(i), the Nuclear
Regulatory

Commission has adopted regulations to ensure that individuals with unescorted access to protected areas of a nuclear power plant are sufficiently trustworthy and do not pose an unreasonable risk to public health and safety, including "the potential to commit radiological sabotage." 10 C.F.R. 73.56 (2000). To screen individuals, nuclear power plant licensees must have in place an access authorization program as part of the facility's physical security plan, and this plan must be approved by the Commission. See id.

We hold that the District Court below properly granted Appellee's motion for summary judgment and properly denied Appellant's cross-motions for summary judgment. In his 39-page Opinion accompanying the Order, dated April 6, 2001, the Magistrate Judge correctly held that issues of site access for employees are not subject to arbitration under the grievance and arbitration provisions of the current collective bargaining agreement between the employer, PSE&G, and the union, Local 94. We have considered all of Appellant's arguments and find no ground to reverse.

The Order of the District Court is AFFIRMED.